JOHN L. BURRIS, Esq. / State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oak port Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882

GAYLA B. LIBET, Esq. / State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile:  (510) 420-0324

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA LANGSTON, | Case No. C-10-01084-SI |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES** |
| vs. | **(JURY TRIAL DEMANDED)** |
| CITY OF OAKLAND, a municipal corporation; WAYNE G. TUCKER, in his capacity as Chief of Police for CITY OF OAKLAND; PATRICK GERRANS, Individually, and in his capacity as a police officer for CITY OF OAKLAND; and, DOES 1-25, inclusive, Defendants.     / | |

### JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Oakland, California, which is

1

within this judicial district. Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

## PARTIES

2. Plaintiff is, and at all times herein mentioned were, an African-American woman, and a citizen of the United States residing in the City of Oakland, California.

3. Defendant CITY OF OAKLAND (hereinafter referred to as "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, WAYNE G. TUCKER, was the Chief of Police for the CITY. Defendant, WAYNE G. TUCKER, is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendants PATRICK GERRANS; and, DOES 1-25, inclusive, were employed by Defendant CITY as police officers. Said defendant police officers are sued herein individually, and in their capacity as police officers for Defendant CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by Defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY. Upon information and belief, plaintiff alleges that named defendant officers and DOES 1-10, inclusive, were Caucasian, Latin American, and/or Asian-American.

5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful and excessive use of force against plaintiff, the wrongful and false detention and arrest of plaintiff, the wrongful and improper search of plaintiff, and the racial misconduct towards plaintiff, as described hereinafter.

6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training named defendant police officers employed by the CITY in the proper and reasonable use of force, effecting proper

detentions and arrests, effecting proper searches, and treating persons in a manner that is not racially discriminatory.

7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend her Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with Defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of Defendant CITY.

## **STATEMENT OF FACTS**

9. On 3-13-08, at approximately 8:30 p.m., plaintiff CYNTHIA LANGSTON, an African-American woman, then 50 years old, was driving her car in the vicinity of the 400 block of West Macarthur Blvd., in Oakland, CA. with two passengers, Rodney Johnson and Gregory Mosely. At this point her car was directed to pull over by defendant Oakland police officers PATRICK GERRANS and DOE 1. Plaintiff complied, pulled over, and parked her car. Then defendant GERRANS walked up to her car and demanded that she get out of her car. Plaintiff complied and got out. Defendant DOE 1 also walked over to plaintiff's car. Defendant GERRANS then handcuffed plaintiff, and asked if he could search her. Plaintiff responded by asking why he wanted to search her, and defendant GERRANS then began searching her person without her consent. Defendant GERRANS not only wrongfully searched plaintiff's person, but also wrongfully molested her and assaulted and battered her, when he put his hands on her breast and raised it upwards. As he proceeded with his wrongful search, molestation, and assault and battery of plaintiff, defendant officer GERRANS was smiling at plaintiff in a leering manner.

10. At this point, Rodney Johnson asked defendant GERRANS why he was touching CYNTHIA LANGSTON in this manner. Defendant officer DOE 1 responded to Mr. Johnson

saying, "Shut the fuck up, before I blow your brains out." After defendant officer GERRANS was done with his illegal search, assault and battery of, and molestation of plaintiff, he put her backwards into his police car. After defendant officers ran plaintiff's I.D., defendant GERRANS told plaintiff he was going to write her a citation and tow her vehicle, and then did so. The abovementioned two passengers who were in plaintiff's car with her witnessed the entire event involving defendant GERRANS, DOE 1, and plaintiff CYNTHIA LANGSTON.

11. Defendant officers had no probable cause to stop plaintiff's car, physically search her, assault and batter her, molest her, or wrongfully detain her and then issue her a citation. CYNTHIA LANGSTON had not done anything to provoke defendant officers' wrongful detention, assault and battery and molestation of her, and she did nothing to physically resist defendant officer GERRANSON during his assault upon and molestation of her. Further, plaintiff was unarmed.

12. The above-described assault and battery and molestation of plaintiff by defendant Oakland police officer GERRANSON, which defendant officer DOE 1 wrongfully did nothing to prevent, was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiff.

## **DAMAGES**

13. As the direct and proximate result of defendants' wrongful conduct, including assault and battery; molestation; false arrest and imprisonment; and violation of civil rights, plaintiff was injured and damaged, as set forth herein.

14. As a direct and proximate result of defendant officers' wrongful conduct, plaintiff suffered the following injuries and damages:

  a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

  b. Loss of physical liberty;

  c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

  d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons

under the Fourth Amendment to the United States Constitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

e. The conduct of named defendant police officers; and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers; and,

f. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of her civil rights.

## FIRST CAUSE OF ACTION

### (42 U.S.C. Section 1983)

### (Against named defendant police officer and DOES 1-10, inclusive)

15. Plaintiff hereby realigns and incorporates by reference herein paragraphs 1 through 14 of this Complaint.

16. In doing the acts complained of herein, defendant police officers PATRICK GERRANS and DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (42 U.S.C. Section 1983)

### (Against defendants CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive)

17. Plaintiff hereby realigns and incorporates by reference herein paragraphs 1 through 16 of this Complaint.

18. Defendants CITY OF OAKLAND, City of Oakland Chief of Police, WAYNE G. TUCKER, and DOES 11-25, supervisory employees of the City of Oakland Police Department have failed to adequately train defendant police officers PATRICK GERRANS; and DOES 1-10 in the proper use of force; effecting proper arrests; effecting proper searches; and treating persons in a manner that is not racially discriminatory.  The lack of an adequate supervisorial response and discipline by defendants CITY OF OAKLAND, City of Oakland Chief of Police, WAYNE G. TUCKER; and DOES 11-25, supervisory employees of the City of Oakland Police Department, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy that tolerates and promotes the continuing use of excessive force against, false arrest of, improper searches of; and violation of civil rights of persons within the CITY OF OAKLAND by Oakland police officers.

19. Based on information and belief, plaintiff alleges that prior to the date of the subject incident involving plaintiff CYNTHIA LANGSTON, defendant Oakland police officers GERRANS and DOE 1 had a history of engaging in acts of excessive force; false arrests; improper searches; and treating persons in a manner that is racially discriminatory; of which history defendants CITY, WAYNE G. TUCKER; and DOES 11-25, inclusive, knew or should have known for quite some time prior to the subject incident involving plaintiff.  Based on information and belief, plaintiff further alleges that despite their knowledge of defendant Oakland police officers' GERRANS' and DOE 1's repeated, egregious misconduct, defendants CITY, WAYNE G. TUCKER, and DOES 11-25, inclusive, failed to properly and adequately train, supervise, and discipline defendant Oakland police officers GERRANS and DOE 1 for said repeated and egregious misconduct.

20. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of defendant police officers GERRANS and DOE 1, defendants CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers GERRANS and DOE 1 to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

21. Defendant CITY, by and through its supervisory employees and agents, WAYNE G. TUCKER, Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting and battering, effecting false arrests and imprisonments, effecting improper searches; and treating persons in a racially discriminatory manner.  With deliberate indifference, Defendants CITY, WAYNE G. TUCKER, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff.  With deliberate indifference, defendants CITY, WAYNE G. TUCKER, and DOES 11-25, inclusive, breached their duty of care to plaintiff in that they: (1) failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant police officers GERRANS and DOE 1, in proper use of force, effecting proper reasonable arrests, effecting proper searches; and treating persons in a manner that is not racially discriminatory; (2) failed to have adequate policies and procedures regarding proper use of force; effecting proper arrests; effecting proper searches; and treating persons in a manner that is not racially discriminatory; (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of defendant police officers GERRANS and DOE 1, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers GERRANS and DOE 1 to continue their course of misconduct of use of excessive force, effecting false arrests and imprisonments, improper and wrongful searches, and treating persons in a racially discriminatory manner, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein..

22. This lack of adequate hiring, retention, supervision, training, and discipline of defendant police officers GERRANS and DOE 1 demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive unreasonable force; wrongful false arrests; wrongful improper searches; and treating persons in a racially discriminatory manner by police officers employed by defendant CITY.

23. The above-described misconduct by Defendants CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

24. Further, the acts of defendant police officers GERRANS and DOE 1 alleged herein are a direct and proximate result of the abovementioned wrongful conduct of Defendants CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive.  Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of defendant police officers GERRANS and
DOE 1 and the abovementioned wrongful conduct of CITY; WAYNE G. TUCKER; and DOES 11-25, inclusive.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

25. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. for general damages in the sum of $ 500,000.00;
2. for special damages according to proof;
3. for punitive damages against named defendant police officers, according to proof;
4. for reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;
5. For costs of suit herein incurred; and,
6. For such other and further relief as the Court deems just and proper.

              LAW OFFICES OF GAYLA B. LIBET

Dated:_____  By:

              GAYLA B. LIBET, Esq.

              Attorneys for Plaintiff